IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

STEPHEN CUNNINGHAM,

        Plaintiff,

v.                                          Case No. 6:14-cv-01050-JTM

WICHITA STATE UNIVERSITY,

        Defendant.

MEMORANDUM AND ORDER

In this case, plaintiff Stephen Cunningham alleges that defendant Wichita State University (WSU) violated the Americans with Disabilities Act and Section 504 of the Rehabilitation Act by failing to accommodate his disability. The case comes to the court on WSU's Motion to Dismiss (Dkt. 7). Because Cunningham fails to state plausible claims, the court grants the motion.

**I. Factual Background**

Cunningham was a student in the physician's assistant (PA) program at WSU. On January 6, 2011—the day before he interviewed for the PA program—Cunningham was diagnosed with type-1 diabetes. He also suffers from attention deficit disorder (ADD). Cunningham disclosed his diabetes and ADD diagnoses on WSU's required medical forms during orientation. Cunningham does not allege that he requested accommodations for these conditions.

On October 3, 2011, Cunningham failed a pharmacology exam. He attributed his poor performance to a hypoglycemic episode. Cunningham was allowed to retake the

pharmacology exam in the instructional services lab on December 1, 2011. Other than requesting to retake the exam, Cunningham does not allege that he requested special accommodation for taking the exam. He passed the retest and continued his education in the PA program.

In June 2012, Cunningham failed a neurology exam, which he attributed to high blood sugar due to a faulty infusion site preventing proper insulin delivery. The WSU faculty decided to allow Cunningham to remain in the PA program with the stipulation that he retake and pass the neurology exam. Once again, Cunningham does not allege that he requested any accommodations for retaking the exam. Cunningham took the makeup exam in a professor's private office. He failed the exam. WSU dismissed him from the PA program on July 20, 2012.

Cunningham appealed his dismissal to the PA faculty Academic and Progressions Committee (APC) on July 28, 2012, arguing that the professor's office in which he retested was located in a busy hallway. Cunningham argued that because he was unaware of the testing location, he did not contact WSU's Office of Disability Services to request reasonable accommodations prior to the retest. The APC held Cunningham's appeal on August 14, 2012. In a hand delivered letter dated August 17, 2012, the APC notified Cunningham that it had upheld his dismissal. Cunningham appealed the APC's decision to Dr. Abu Masud—the Interim Dean of WSU's Graduate School—and WSU's Graduate Council.  After a hearing held on September 20, 2012, WSU's Graduate Council upheld the APC's decision to dismiss Cunningham.

Cunningham filed his complaint in this court federal court on February 18, 2014. WSU now moves to dismiss his claims for (1) lack of subject matter jurisdiction due to sovereign immunity, (2) failure to state a claim on which relief may be granted and (3) *res judicata*. The court begins by addressing WSU's challenge under Federal Rule of Civil Procedure 12(b)(6).[1]

**II. Standard of Review: Motion to Dismiss for Failure to State a Claim**

A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2).  A complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). Only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. All well-pleaded factual allegations in the complaint are accepted as true and viewed in the light most favorable to the plaintiff. *Smith v. United States,* 561 F.3d 1090, 1098 (10th Cir. 2009).

---

[1]Typically, the court would first address WSU's sovereign immunity argument. However, because of the test required for sovereign immunity analysis, the U.S. Court of Appeals for the Tenth Circuit requires a district court to first decide whether the plaintiff states a valid claim under Title II before determining whether Congress abrogated sovereign immunity as applied to the class of conduct at issue in the case. *See Guttman v. Khalsa*, 446 F.3d 1027, 1035 (10th Cir. 2006). Accordingly, the court begins its analysis by determining whether Cunningham states a plausible claim under Title II of the ADA.

**III. Analysis**

*A. ADA Claim*

Cunningham seeks damages and injunctive relief against WSU under Title II of the Americans with Disabilities Act of 1990. Title II applies to public entities and provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. Cunningham alleges that WSU violated Title II by denying him a reasonable accommodation for his neurology retest.

To state a claim under Title II, a plaintiff must allege that (1) he is a qualified individual with a disability, (2) who was excluded from participation in or denied the benefits of a public entity's services, programs or activities, and (3) such exclusion, denial of benefits, or discrimination was by reason of a disability. *See* 42 U.S.C. § 12132; *see also Robertson v. Las Animas Cnty. Sheriff's Dep't*, 500 F.3d 1185, 1193 (10th Cir. 2007).

The court begins with the third element, as it appears to have the most obvious deficit. "Before a public entity can be required under the ADA to provide a disabled individual an auxiliary aid or service, a public entity must have knowledge of the individual's disability and the individual's need for an accommodation." *Id.* at 1196. The court assesses whether Cunningham properly pleaded WSU's knowledge of his disability and need for accommodation.

"A public entity cannot know that a modification to its services under the ADA is necessary if it does not first understand that an individual requires such modification

4

*because* he is disabled." *Id.* (emphasis in original). In his complaint, Cunningham alleges that he disclosed his diabetes and ADD to WSU's PA program on medical forms during his orientation. The court considers this fact sufficient to establish WSU's knowledge of Cunningham's disability at this point.

"Once a public entity has knowledge of an individual's disability, the entity must also have knowledge that an individual requires an accommodation of some kind to participate in or receive the benefits of its services." *Id.* at 1197. "In other words, the entity must have knowledge that an individual's disability limits [his] ability to participate in or receive the benefits of its services." *Id.* (citing *Taylor v. Principal Fin. Group, Inc.*, 93 F.3d 155, 164 (5th Cir.1996) (noting the "ADA requires employers to reasonably accommodate limitations, not disabilities")). "[A] public entity is on notice that an individual needs an accommodation when it knows that an individual requires one, either because that need is obvious or because the individual requests an accommodation." *Robertson*, 500 F.3d at 1197–98.

Cunningham had a hypoglycemic episode during a pharmacology exam on October 3, 2011. He brought his condition to a professor's attention during the exam and later discussed it with faculty after failing the exam. Cunningham had not sought reasonable accommodations for limitations from diabetes prior to the exam. The faculty allowed him to retake the test when his blood sugar levels returned to normal, accommodating him after the fact. This incident arguably gave WSU knowledge that Cunningham required some sort of accommodation for his diabetic condition. Cunningham alleges that his blood sugar was high during his initial attempt at the

5

neurology exam. WSU allowed him to retake the exam, so Cunningham cannot now claim that it did not accommodate his diabetic condition.

However, Cunningham's type-1 diabetes is not the focal point of his ADA claim. Rather, Cunningham's claim seems to rest on his ADD. He asserts that he was discriminated against when WSU administered his neurology retest in a professor's office located in a busy hallway, rather than in the instructional services lab where it had administered his pharmacology retest. He does not claim that this location triggered any diabetes-related effects. In fact, Cunningham makes no connection between the location of his retest and either of his disabling conditions. The court might infer that because of Cunningham's location, distractions in the hallway next to the professor's office triggered his ADD and caused him to fail the exam, but this is not explicitly stated in the complaint. Even if the court infers this from the complaint, Cunningham does not allege any facts that might plausibly indicate WSU had knowledge of his limitations due to ADD. Cunningham does not claim that he requested any accommodation for his ADD, nor does he assert that his limitations were obvious. *Robertson*, 500 F.3d at 1197–98. Cunningham does not allege any limitations on his life caused by his ADD. Without pleading any facts showing WSU's knowledge that he needed accommodation for his ADD, Cunningham fails to state a plausible claim under Title II. *Id.*

*B. Rehabilitation Act Claim*

Cunningham also seeks damages and injunctive relief against WSU under § 504 of the Rehabilitation Act of 1973 based on the same conduct. Section 504 provides:

> No otherwise qualified individual with a disability . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance or under any program or activity conducted by any Executive agency or by the United States Postal Service.

29 U.S.C. § 794(a). The provision includes in its definition of a "program or activity" the operations of any "department, agency, special purpose district, or other instrumentality of a State or of a local government." § 794(b)(1)(A).

The language used in § 504 of the Rehabilitation Act and Title II of the ADA is substantively the same. Indeed, analysis under the two provisions is identical. *Nielson v. Moroni Feed Co.*, 162 F.3d 604, 608 n.7 (10th Cir. 2007). Accordingly, the result of the analysis of Cunningham's claim under § 504 is the same as the analysis of his Title II claim.

**IV. Conclusion**

Cunningham's complaint attempts to allege discrimination based on his ADD when WSU administered his neurology retest in a professor's office in a crowded hallway. However, Cunningham does not allege that WSU had any reason to know of his need for reasonable accommodations for his disability. Nor does he allege that the location triggered his disability or otherwise caused him to fail the exam. For these

reasons, Cunningham fails to state a plausible claim under the ADA and Rehabilitation Act. The court dismisses his complaint under Rule 12(b)(6).

IT IS THEREFORE ORDERED this 11th day of September, 2014, that WSU's Motion to Dismiss (Dkt. 7) is granted.

s/ J. Thomas Marten<br>
J. THOMAS MARTEN, CHIEF JUDGE